## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| YVONNE JONES, NAOMI MOORE, PEACE NJOKU, SHAKEYA SCOTT, SEAN SMITH, and INDY WILLIAMS, individually and on behalf of all others similarly situated, | ) ) ) ) ) | Case No. |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | |
| UNIVAR INC. and UNIVAR USA INC., | ) ) ) | |
| Defendants. | ) ) | |

## <u>COMPLAINT</u>

Plaintiffs YVONNE JONES ("Jones"), NAOMI MOORE ("Moore"), PEACE NJOKU ("Njoku"), SHAKEYA SCOTT ("Scott"), SEAN SMITH ("Smith"), and INDY WILLIAMS ("Williams") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, bring this action for damages and other legal and equitable relief from Defendants, UNIVAR INC. ("Univar") and UNIVAR USA INC. ("UUI") (collectively, "Defendants"), for violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. 201 *et seq.*, and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1.     This is a collective action brought by Plaintiffs challenging acts committed by Defendants against Plaintiffs and those similarly situated, which amount to violations of federal wage and hour laws.

2.     Defendants employed Plaintiffs and all those similarly situated as customer service representatives (collectively "CSRs"). CSRs are/were employed at Defendants' various customer service facilities located within the states and territories of Alaska, Arizona, Arkansas, California, Colorado, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kentucky, Louisiana, Massachusetts, Michigan,  Missouri, Montana, Nebraska, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, Wisconsin, and Wyoming (collectively, the "States and Territories").

3.     Plaintiffs bring this action on behalf of themselves, and those similarly situated, as a result of Defendants' violation of federal wage and hour laws, as set forth herein.

4.     Plaintiffs bring this action due to Defendants' regular failure to pay CSRs the statutorily required overtime rate of time-and-a-half for hours worked beyond forty (40) in a work week which violates the FLSA and any other cause(s)

of action that can be inferred from the facts set forth herein.  Defendants violated the FLSA by engaging in a systematic nationwide scheme of providing CSRs with "comp time" rather than overtime pay. Pursuant to this scheme, Defendants did not pay CSRs with an overtime premium for all hours worked in excess of forty (40) hours per work week. Instead, Defendants issued CSRs time off the following work week in the same amount of hours they had worked in excess of forty (40). Accordingly, CSRs were not compensated at a rate of one-and-one-half (1 ½) for every hour they worked in excess of forty (40) hours per work week and allege that they are entitled to recover: (i) unpaid and incorrectly paid wages for all hours worked in a work week, as required by law, (ii) unpaid overtime, (iii) liquidated damages, (iv) interest, and (v) attorneys' fees and costs, pursuant to the FLSA and such other and further relief as this Court finds necessary and proper.

5.     Plaintiffs bring this action, pursuant to 29 U.S.C. § 216(b), on behalf of a collective group of persons who are/were employed by Defendants as CSRs during the past three (3) years through the final date of the disposition of this action who were not paid an overtime premium for all hours worked in excess of forty (40) hours per work week.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and (iii) under 29 U.S.C. §§ 201 *et seq*.

7.     Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business and reside in this district.

## THE PARTIES

8.     Plaintiff Jones is a citizen of Georgia and resides in Snellville, Georgia.

9.     At all relevant times, Plaintiff Jones was an employee of Defendants within the meaning of the FLSA.

10.     Plaintiff Moore is a citizen of Georgia and resides in Atlanta, Georgia.

11.   At all relevant times, Plaintiff Moore was an employee of Defendants within the meaning of the FLSA.

12.   Plaintiff Njoku is a citizen of Georgia and resides in Duluth, Georgia.

13.   At all relevant times, Plaintiff Njoku was an employee of Defendants within the meaning of the FLSA.

14.   Plaintiff Scott is a citizen of Georgia and resides in Conyers, Georgia.

15.   At all relevant times, Plaintiff Scott was an employee of Defendants within the meaning of the FLSA.

16.   Plaintiff Smith is a citizen of Georgia and resides in Buford, Georgia.

17.   At all relevant times, Plaintiff Smith was an employee of Defendants within the meaning of the FLSA.

18.   Plaintiff Williams is a citizen of Georgia and resides in Decatur, Georgia.

19.   At all relevant times, Plaintiff Williams was an employee of Defendants within the meaning of the FLSA.

20.   Defendant Univar is a publicly traded corporation, which is incorporated in Delaware and headquartered in Illinois.

21.   Defendant Univar conducts business in the State of Georgia.

22.     Defendant Univar transacted and continues to transact business within the States and Territories, including Georgia, by formerly and currently employing CSRs within the States and Territories and by owning and operating customer service facilities within the States and Territories.

23.     Defendant Univar has at all relevant times been an employer covered by the FLSA.

24.     Upon information and belief, the amount of qualifying annual volume of business for Defendant Univar exceeds $500,000.00 and thus subjects Defendant Univar to the FLSA's overtime requirements.

25.     Upon information and belief, Defendant Univar is engaged in interstate commerce.   This independently subjects Defendant Univar to the overtime requirements of the FLSA.

26.     Defendant UUI is a corporation, which is incorporated in Delaware and registered to do business in the State of Georgia.

27.     Defendant UUI is a wholly owned subsidiary of Defendant Univar.

28.     Defendant UUI transacted and continues to transact business within the States and Territories, including Georgia, by formerly and currently employing CSRs within the States and Territories and by owning and operating facilities within the States and Territories.

6

29.     Defendant UUI has at all relevant times been an employer covered by the FLSA.

30.     Upon information and belief, the amount of qualifying annual volume of business for Defendant UUI exceeds $500,000.00 and thus subjects Defendant UUI to the FLSA's overtime requirements.

31.     Upon information and belief, Defendant UUI is engaged in interstate commerce.   This   independently   subjects   Defendant   UUI   to   the   overtime requirements of the FLSA.

32.     Defendants jointly employed CSRs employing or acting in the interest of the employer towards CSRs directly or indirectly, jointly or severally, including without limitation, by controlling and directing the terms of employment and compensation, by formulating and implementing policies, hiring and/or firing CSRs, by creating work schedules, and by suffering all those similarly situated employees to work.

## STATEMENT OF FACTS

## I.     Facts Common to All CSRs

33.     Throughout the relevant time period, CSRs were employed by Defendants in their customer service department as customer service representatives.

34.     Throughout the relevant time period, Defendants owned and operated customer service facilities within the states and territories of Alaska, Arizona, Arkansas, California, Colorado, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kentucky, Louisiana, Massachusetts, Michigan, Missouri, Montana, Nebraska, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, Wisconsin, and Wyoming.

35.     Throughout the relevant time period, Defendants employed CSRs within the states and territories of Alaska, Arizona, Arkansas, California, Colorado, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kentucky, Louisiana, Massachusetts, Michigan, Missouri, Montana, Nebraska, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, Wisconsin, and Wyoming.

36.     CSRs were required to perform intakes for Defendants' customers who were inquiring into an issue they had in the course of their business with Defendants and to provide a solution to that issue. CSRs were also required to perform account management, order entry, order fulfillment, and shipping arrangement.

37.     CSRs were paid on an hourly basis.

38.     CSRs were not paid on a salary or fee basis.

39.     CSRs were compensated bi-weekly via check or direct deposit.

40.     Throughout the relevant time period, CSRs were scheduled to work at least four (4) days per work week.

41.     Throughout the relevant time period, CSRs were scheduled to work at least eight (8) hours per workday.

42.     Throughout the relevant time period, CSRs recorded their time on a computer system.

43.     Throughout the relevant time period CSRs were allotted one (1) unpaid hour per workday for a meal break.

44.     Throughout the relevant time period, CSRs frequently worked through their allotted meal breaks.

45.     Throughout the relevant time period, CSRs worked in excess of their scheduled work hours.

**II.     Facts Pertaining to Defendants' Overtime Violations**

46.     Throughout the relevant time period, Defendants were aware that CSRs worked in excess of forty (40) hours per work week.

47.     Throughout the relevant time period, Defendants implemented a nationwide "comp time" corporate policy.

48.     Upon information and belief, Defendants' "comp time" policy was in effect for their entire customer service department and affected all CSRs employed by Defendants. Accordingly, upon information and belief, all of Defendants' customer service branches located in the States and Territories were required to adhere to Defendants' "comp time" policy.

49.     Defendants implemented a "comp time" policy whereby for each hour a CSR worked in excess of forty (40) hours per work week he/she was required to take the same amount of hours off the following work week. For example if a CSR worked fifty (50) hours the first week of his pay period, he was prohibited from working in excess of thirty (30) hours the second week of his pay period. Furthermore, he was paid his straight-rate for all eighty (80) hours worked for that bi-weekly pay period and was not compensated with the statutorily required time-and-a-half rate for the ten (10) hours he worked in excess of forty (40) the first week of that bi-weekly pay period.

50.     Following the implementation of the "comp time" policy, CSRs were only permitted to enter a maximum of forty (40) hours per work week on Defendants' computerized time recording system.

51.     CSRs were required to report all hours worked in excess of forty (40) hours per work week to their respective manager, rather than in Defendants'

computerized time recording system. After reporting their hours worked in excess of forty (40) to the respective manager, CSRs then directed to choose their hours off the following week.

52.     Defendants were aware of all overtime hours CSRs worked.

53.     CSRs were required to use "comp time" and were not permitted to opt for overtime pay in the week in which the overtime hours were worked.

54.     Upon information and belief, CSRs were required to use their "comp time" within one (1) to (2) weeks after it accrued.

55.     CSRs were not compensated with an overtime premium for all hours worked in excess for forty (40) hours per work week.

56.     CSRs are/were not exempt from the FLSA, as they were paid on an hourly basis.

**III.    Facts Pertaining to Plaintiff Jones**

57.     In or around 2007, Plaintiff Jones began her employment with Defendants as a CSR.

58.     From in or around 2008 to 2015, Plaintiff Jones took a position with Defendants as a receptionist.

59.     In or around 2015, Plaintiff Jones resumed her position as a CSR for Defendants.

60.     Throughout the relevant time period, Plaintiff Jones was employed at Defendants' customer service facility located in Atlanta, Georgia.

61.     As a CSR, Plaintiff Jones was paid on an hourly basis.

62.     As a CSR, Plaintiff Jones was not paid on a salary or fee basis.

63.     Throughout the relevant time period, Plaintiff Jones worked, on average, approximately sixty (60) to sixty-five (65) hours per work week.

64.     Throughout the relevant time period, Plaintiff Jones entered the hours she worked per work week in Defendants' computerized time recording system.

65.     Throughout the relevant time period, Plaintiff Jones was subjected to Defendants' "comp time" policy.

66.     Accordingly, throughout the relevant time period, Plaintiff Jones was not compensated with an overtime premium for all hours worked in excess of forty (40) hours per work week.

67.     Throughout the relevant time period, Plaintiff Jones was not exempt from the FLSA.

68.     Plaintiff Jones is currently employed as a CSR for Defendants.

**IV.   Facts Pertaining to Plaintiff Moore**

69.     In or around January 2016, Plaintiff Moore began her employment with Defendants as a CSR.

70.     Throughout the relevant time period, Plaintiff Moore was employed at Defendants' customer service facility located in Atlanta, Georgia.

71.     As a CSR, Plaintiff Moore was paid on an hourly basis.

72.     As a CSR, Plaintiff Moore was not paid on a salary or fee basis.

73.     Throughout the relevant time period, Plaintiff Moore worked, on average, approximately fifty (50) hours per work week.

74.     Throughout the relevant time period, Plaintiff Moore entered the hours she worked per work week in Defendants' computerized time recording system.

75.     Throughout the relevant time period, Plaintiff Moore was subjected to Defendants' "comp time" policy.

76.     Accordingly, throughout the relevant time period, Plaintiff Moore was not compensated with an overtime premium for all hours worked in excess of forty (40) hours per work week.

77.     Throughout the relevant time period, Plaintiff Moore was not exempt from the FLSA.

78.     In or around July 2017, Plaintiff Moore ended her employment with Defendants as a CSR to take a position in Defendants' planning department.

**V.     Facts Pertaining to Plaintiff Njoku**

79.     In or around June 2014, Plaintiff Njoku began her employment with Defendants as a CSR.

80.     Throughout the relevant time period, Plaintiff Njoku was employed at Defendants' customer service facility located in Atlanta, Georgia.

81.     As a CSR, Plaintiff Njoku was paid on an hourly basis.

82.     As a CSR, Plaintiff Njoku was not paid on a salary or fee basis.

83.     Throughout the relevant time period, Plaintiff Njoku worked, on average, approximately fifty-five (55) to sixty (60) hours per work week.

84.     Throughout the relevant time period, Plaintiff Njoku entered the hours she worked per work week in Defendants' computerized time recording system.

85.     Throughout the relevant time period, Plaintiff Njoku was subjected to Defendants' "comp time" policy.

86.     Accordingly, throughout the relevant time period, Plaintiff Njoku was not compensated with an overtime premium for all hours worked in excess of forty (40) hours per work week.

87.     Throughout the relevant time period, Plaintiff Njoku was not exempt from the FLSA.

88.    In or around June 2016, Plaintiff Njoku ended her employment with Defendants as a CSR to take a position in Defendants' planning department.

## VI.    Facts Pertaining to Plaintiff Scott

89.    In or around August 2014, Plaintiff Scott began her employment with Defendants as a CSR.

90.    Throughout the relevant time period, Plaintiff Scott was employed at Defendants' customer service facility located in Atlanta, Georgia.

91.    As a CSR, Plaintiff Scott was paid on an hourly basis.

92.    As a CSR, Plaintiff Scott was not paid on a salary or fee basis.

93.    Throughout the relevant time period, Plaintiff Scott worked, on average, approximately forty-five (45) hours per work week.

94.    Throughout the relevant time period, Plaintiff Scott entered the hours she worked per work week in Defendants' computerized time recording system.

95.    Throughout the relevant time period, Plaintiff Scott was subjected to Defendants' "comp time" policy.

96.    Accordingly, throughout the relevant time period, Plaintiff Scott was not compensated with an overtime premium for all hours worked in excess of forty (40) hours per work week.

97.    Throughout the relevant time period, Plaintiff Scott was not exempt from the FLSA.

98.    In or around November 2016, Plaintiff Scott ended her employment with Defendants as a CSR.

**VII.  Facts Pertaining to Plaintiff Smith**

99.    In or around May 2015, Plaintiff Smith began his employment with Defendants as a CSR.

100.   Throughout the relevant time period, Plaintiff Smith was employed at Defendants' customer service facility located in Atlanta, Georgia.

101.   As a CSR, Plaintiff Smith was paid on an hourly basis.

102.   As a CSR, Plaintiff Smith was not paid on a salary or fee basis.

103.   Throughout the relevant time period, Plaintiff Smith worked, on average, approximately fifty (50) to fifty-five (55) hours per work week.

104.   Throughout the relevant time period, Plaintiff Smith entered the hours he worked per work week in Defendants' computerized time recording system.

105.   Throughout the relevant time period, Plaintiff Smith was subjected to Defendants' "comp time" policy.

106.   Accordingly, throughout the relevant time period, Plaintiff Smith was not compensated with an overtime premium for all hours worked in excess of forty (40) hours per work week.

107.   Throughout the relevant time period, Plaintiff Smith was not exempt from the FLSA.

108.   Plaintiff Smith is currently employed as a CSR for Defendants.

**VIII.  Facts Pertaining to Plaintiff Williams**

109.   In or around March 2015, Plaintiff Williams began her employment with Defendants as a CSR.

110.   Throughout the relevant time period, Plaintiff Williams was employed at Defendants' customer service facility located in Atlanta, Georgia.

111.   As a CSR, Plaintiff Williams was paid on an hourly basis.

112.   As a CSR, Plaintiff Williams was not paid on a salary or fee basis.

113.   Throughout the relevant time period, Plaintiff Williams worked, on average, approximately forty-five (45) to fifty (50) hours per work week.

114.   Throughout the relevant time period, Plaintiff Williams entered the hours she worked per work week in Defendants' computerized time recording system.

115.   Throughout the relevant time period, Plaintiff Williams was subjected to Defendants' "comp time" policy.

116.   Accordingly, throughout the relevant time period, Plaintiff Williams was not compensated with an overtime premium for all hours worked in excess of forty (40) hours per work week.

117.   Throughout the relevant time period, Plaintiff Williams was not exempt from the FLSA.

118.   In or around November 2016, Plaintiff Williams ended her employment with Defendants as a CSR.

## FLSA COLLECTIVE ACTION ALLEGATIONS

119.   Plaintiffs seek to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on their own behalf as well as those in the following collective:

> All persons employed by Defendants as customer service representatives during the relevant time period, who have been subject to Defendants' policies of requiring them to work in excess of forty (40) hours per work week at their straight hourly rate of pay.

120.   At all relevant times, Plaintiffs were similarly situated to all such individuals in the FLSA Collective[1] because while employed by Defendants, Plaintiffs and all FLSA Plaintiffs performed similar tasks, were subject to the same

---

[1]  Hereinafter referred to as the "FLSA Plaintiffs."

laws and regulations, were paid in the same or substantially similar manner, were paid the same or similar rate, were required to work in excess of forty (40) hours per work week, and were subject to Defendants' unlawful policies and practices of willfully failing to pay them at the statutorily required rate of one-and-one-half (1½) times their hourly rate for all hours worked in excess of forty (40) per work week.

121.    Defendants are and have been aware of the requirement to pay Plaintiffs and the FLSA Plaintiffs at a rate of one-and-one-half (1½) times their hourly rate for all hours worked in excess of forty (40) per work week, yet willfully failed to do so.

122.   The FLSA Plaintiffs, under Plaintiffs' FLSA claim, are readily discernable and ascertainable. All FLSA Plaintiffs' contact information is readily available in Defendants' records.  Notice of this collective action can be made as soon as the Court determines.

123.   The numbers of FLSA Plaintiffs in the collective group are too numerous to join in a single action, necessitating collective recognition.

124.   All questions relating to Defendants' violation of the FLSA share the common factual basis with Plaintiffs.  No claims under the FLSA relating to the failure to pay statutorily required overtime premiums are specific to Plaintiffs and the claims asserted by Plaintiffs are typical of those of members of the collective.

125.   Plaintiffs will fairly and adequately represent the interests of the collective and have no interests conflicting with the collective.

126.   A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

127.   Plaintiffs' attorneys are familiar and experienced with collective and class action litigation, as well as employment and labor law litigation.

128.   The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation.   Prosecution of separate actions by individual FLSA Plaintiffs creates a risk for varying results based on identical fact patterns as well as disposition of the collective's interests without their knowledge or contribution.

129.   The questions of law and fact are nearly identical for all FLSA Plaintiffs and therefore proceeding as a collective action is ideal.   Without judicial resolution of the claims asserted on behalf of the proposed collective, Defendants' continued violations of the FLSA will undoubtedly continue.

## CAUSE OF ACTION

## COUNT 1

**Violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, Made by Plaintiffs on Behalf of All FLSA Plaintiffs**

130.   Plaintiffs and the FLSA Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

131.   Throughout the period covered by the applicable statute of limitations, Plaintiffs and other FLSA Plaintiffs were required to work and did in fact work in excess of forty (40) hours per work week.

132.   Upon information and belief, Defendants knowingly failed to pay Plaintiffs and the FLSA Plaintiffs for all hours worked and failed to pay Plaintiffs and the FLSA Plaintiffs the statutorily required overtime rate for all hours worked in excess of forty (40) per work week.

133.   Defendants' conduct was willful and lasted for the duration of the relevant time periods.

134.   Defendants' conduct was in violation of the Fair Labor Standards Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs employed by each Defendant, demand judgment against Defendants as follows:

A.     At the earliest possible time, Plaintiffs should be allowed to give notice of this collective action, or the Court should issue such notice, to all members of the purported Collective, defined herein.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

B.     Designation of Plaintiffs as representatives of the FLSA Collective and defined herein, and Plaintiffs' counsel as Class Counsel;

C.     Equitable tolling of the FLSA statute of limitations as a result of Defendants' failure to post requisite notices under the FLSA;

E.     Demand a jury trial on these issues to determine liability and damages;

F.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

G.     A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

H.     All damages which Plaintiffs and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including back pay, liquidated damages, general and

special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

I.      Awarding Plaintiffs and FLSA Plaintiffs of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

J.      Awarding Plaintiffs and FLSA Plaintiffs representing Defendants' share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

K.      Awarding Plaintiffs and FLSA Plaintiffs for the amount of unpaid wages, including interest thereon, and penalties, including liquidated damages subject to proof;

L.      Awarding Plaintiffs and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

M.      Awarding pre-judgment and post-judgment interest, as provided by law; and

N.      Granting Plaintiffs and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated:   February 8, 2018

*s/ Beth A. Moeller*
Beth A. Moeller
Georgia Bar No. 100158
bmoeller@moellerbarbaree.com
Tracey T. Barbaree
Georgia Bar No. 036792
tbarbaree@moellerbarbaree.com
MOELLER BARBAREE LLP
1100 Peachtree Street, N.E.
Suite 200
Atlanta, Georgia 30309
Telephone: (404) 692-5543

OF COUNSEL:

Robert J. Valli, Jr.
*pro hac vice admission pending*
rvalli@vkvlawyers.com
Sara Wyn Kane
*pro hac vice admission pending*
skane@vkvlawyers.com
James A. Vagnini
*pro hac vice admission pending*
jvagnini@vkvlawyers.com
**Valli Kane & Vagnini LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530

(516) 203-7180 (phone)
(516) 706-0248 (fax)


Jay D. Ellwanger
*pro hac vice admission pending*
Texas State Bar No. 24036522
jellwanger@equalrights.law
**Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy
Suite 190
Austin, Texas 78731
Telephone: (737) 808-2262


**ATTORNEYS FOR PLAINTIFFS**