## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

YVONNE JONES, NAOMI MOORE,
PEACE NJOKU, SHAKEYA SCOTT,
SEAN SMITH and INDY WILLIAMS,
Individually and on behalf of all others
similarly situated,

    Plaintiffs,

v.

UNIVAR, INC. and UNIVAR USA, INC.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO:
1:18-CV-00596-ELR

## DEFENDANT UNIVAR USA INC.'S ANSWER
## TO PLAINTIFFS' COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(a), Defendant Univar USA Inc. ("Defendant" or "Univar USA") respectfully answers Plaintiffs' Complaint as follows:

To the extent that the unnumbered introductory paragraph of Plaintiffs' Complaint requires a response, Defendant admits that Plaintiffs assert claims under the Fair Labor Standards Act ("FLSA"), on behalf of themselves and others allegedly similarly situated. However, Defendant denies the alleged violations, and denies the existence of a collective of similarly situated individuals.

**INTRODUCTION**

1.      Defendant admits that Plaintiffs purport to bring a collective action under the FLSA.  Defendant denies the alleged violations and denies the existence of a similarly situated group of employees under section FLSA Section 16(b).  All remaining allegations in Paragraph 1 of the Complaint are denied.

2.      Defendant admits that it employs customer service representatives (CSRs) at customer service facilities across the country. Defendant denies that Paragraph 2 of the Complaint contains an accurate list of the locations of those customer service facilities.  Defendant further denies the existence of a similarly situated group of employees under section FLSA Section 16(b). All remaining allegations in Paragraph 2 of the Complaint are denied.

3.      Defendant admits that Plaintiffs purports to bring this action on behalf of themselves and other individuals similarly situated.   Defendant denies the alleged violations, and denies the existence of a similarly situated group of employees under section FLSA Section 16(b). All remaining allegations in Paragraph 3 of the Complaint are denied.

4.      Defendant admits that Plaintiffs purport to bring this action on behalf of CSRs, that Plaintiffs allege a "systematic nationwide scheme of providing CSRs with 'comp time' rather than paying overtime," and that Plaintiffs seek certain

damages as a result.   Defendant denies the alleged violations, and denies the existence of a similarly situated group of employees under section FLSA Section 16(b). Defendant denies the allegations in Paragraph 4 of the Complaint.

5.     Defendant admits that Plaintiffs purport to bring this action on behalf of CSRs nationwide who are allegedly owed overtime wages during the last three years. Defendant denies the alleged violations, and denies the existence of a similarly situated group of employees under section FLSA Section 16(b). All remaining allegations in Paragraph 5 of the Complaint are denied.

## JURISDICTION AND VENUE

6.     Defendant admits that this Court has jurisdiction over Univar USA as it relates to this lawsuit. All remaining allegations contained in Paragraph 6 of the Complaint are denied.

7.     Defendant admits that this Court is a proper venue for Univar USA as it relates to this lawsuit. All remaining allegations contained in Paragraph 7 of the Complaint are denied.

## THE PARTIES

8.     Based upon information and belief, Defendant admits the allegations in Paragraph 8 of the Complaint.

9.     Defendant admits that Plaintiff Jones was employed by Univar USA Inc. All remaining allegations contained in Paragraph 9 of the Complaint are denied.

10.     Based upon information and belief, Defendant admits the allegations in Paragraph 10 of the Complaint.

11.     Defendant admits that Plaintiff Moore is or was employed by Univar USA Inc. All remaining allegations contained in Paragraph 11 of the Complaint are denied.

12.     Based upon information and belief, Defendant admits the allegations in Paragraph 12 of the Complaint.

13.     Defendant admits that Plaintiff Njoku is or was employed by Univar USA Inc. All remaining allegations contained in Paragraph 13 of the Complaint are denied.

14.     Based upon information and belief, Defendant admits the allegations in Paragraph 14 of the Complaint.

15.     Defendant admits that Plaintiff Scott is or was employed by Univar USA Inc. All remaining allegations contained in Paragraph 15 of the Complaint are denied.

16.     Based upon information and belief, Defendant admits the allegations in Paragraph 16 of the Complaint.

17.     Defendant admits that Plaintiff Smith is or was employed by Univar USA Inc. All remaining allegations contained in Paragraph 17 of the Complaint are denied.

18.     Based upon information and belief, Defendant admits the allegations in Paragraph 18 of the Complaint.

19.     Defendant admits that Plaintiff Williams is or was employed by Univar USA Inc. All remaining allegations contained in Paragraph 19 of the Complaint are denied.

20.     Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant Univar USA admits that it is subject to the requirements of the FLSA.

25.     Defendant Univar USA admits that it is subject to the requirements of the FLSA.

26.     Defendant admits the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant Univar USA admits that it is an employer subject to the requirements of the FLSA.

30.     Defendant Univar USA admits that it is subject to the requirements of the FLSA.

31.     Defendant Univar USA admits that it is subject to the requirements of the FLSA.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint.

## STATEMENT OF FACTS

**I.    Facts Common to All CSRs**

33.    Defendant admits that it employs CSRs and that they engage in customer service activities. Defendant denies the remaining allegations contained in Paragraph 33 of the Complaint.

34.    Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.    Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.    Defendant admits the allegations contained in Paragraph 36 of the Complaint.

37.    Defendant admits the allegations contained in Paragraph 37 of the Complaint.

38.    Defendant admits the allegations contained in Paragraph 38 of the Complaint.

39.    Defendant admits the allegations contained in Paragraph 39 of the Complaint.

40.    Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant denies the allegation contained in Paragraph 41 of the Complaint.

42.     Defendant admits the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant admits the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant admits that some CSRs have worked and been paid for overtime during their employment.  Defendant denies the remaining allegations contained in Paragraph 45 of the Complaint.

## II.     Facts Pertaining to Defendants' Purported Overtime Violations

46.     Defendant admits that some CSRs have worked and been paid for overtime during their employment, and that Defendant was aware of all hours worked which were reported into its time-keeping system by its CSRs.  Defendant denies the remaining allegations contained in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant was aware of all hours worked which were reported into its time-keeping system by its CSRs. Defendant denies the remaining allegations contained in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant admits the allegations contained in Paragraph 56 of the Complaint.

### III.   Facts Pertaining to Plaintiff Jones

57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant admits that Plaintiff Jones was an Administrative Assistant from July of 2008 until October of 2015.

59.     Defendant admits that Plaintiff Jones became a Customer Service Representative for Defendant on or about November 1, 2015.

60.     Defendant admits the allegations contained in Paragraph 60 of the Complaint.

61.     Defendant admits the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant admits the allegations contained in Paragraph 62 of the Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of the complaint.

64.     Defendant admits the allegations contained in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.     Defendant admits the allegations contained in Paragraph 67 of the Complaint.

68.     Defendant admits the allegations contained in Paragraph 68 of the Complaint.

**IV.    Facts Pertaining to Plaintiff Moore**

69.     Defendant admits the allegations contained in Paragraph 69 of the Complaint.

70.     Defendant admits the allegations contained in Paragraph 70 of the Complaint.

71.     Defendant admits the allegations contained in Paragraph 71 of the Complaint.

72.     Defendant admits the allegations contained in Paragraph 72 of the Complaint.

73.     Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.     Defendant admits the allegations contained in Paragraph 74 of the Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.     Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.     Defendant admits the allegations contained in Paragraph 77 of the Complaint.

78.     Defendant admits that, in June 2017, Plaintiff Moore took a position in Defendant's Planning Department.

## V.     Facts Pertaining to Plaintiff Njoku

79.     Defendant admits that Plaintiff Njoku was hired as a CSR on or about June 22, 2015. Defendant denies the remaining allegations contained in Paragraph 79 of the Complaint.

80.     Defendant admits the allegations contained in Paragraph 80 of the Complaint.

81.     Defendant admits the allegations contained in Paragraph 81 of the Complaint.

82.     Defendant admits the allegations contained in Paragraph 82 of the Complaint.

83.     Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84.     Defendant admits the allegations contained in Paragraph 84 of the Complaint.

85.     Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86.     Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87.     Defendant admits the allegations contained in Paragraph 87 of the Complaint.

88.     Defendant admits that, on or about May 14, 2016 Plaintiff Njoku took a position in Defendant's Planning Department. Defendant denies the remaining allegations contained in Paragraph 88 of the Complaint.

## VI.     Facts Pertaining to Plaintiff Scott

89.     Defendant admits that, on or about July 21, 2014 Plaintiff Scott was hired as a CSR by Defendant. Defendant denies the remaining allegations contained in Paragraph 89 of the Complaint.

90.     Defendant admits the allegations contained in Paragraph 90 of the Complaint.

91.     Defendant admits the allegations contained in Paragraph 91 of the Complaint.

92.     Defendant admits the allegations contained in Paragraph 92 of the Complaint.

93.     Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94.     Defendant admits the allegations contained in Paragraph 94 of the Complaint.

95.     Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96.     Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97.     Defendant admits the allegations contained in Paragraph 97 of the Complaint.

98.     Defendant admits that Plaintiff Scott's employment with Defendant ended in November 2016. Defendant denies all remaining allegations contained in Paragraph 98 of the Complaint.

## VII.  Facts Pertaining to Plaintiff Smith

99.    Defendant admits the allegations contained in Paragraph 99 of the Complaint.

100.   Defendant admits the allegations contained in Paragraph 100 of the Complaint.

101.   Defendant admits the allegations contained in Paragraph 101 of the Complaint.

102.   Defendant admits the allegations contained in Paragraph 102 of the Complaint.

103.   Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.   Defendant admits the allegations contained in Paragraph 104 of the Complaint.

105.   Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106.   Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.   Defendant admits the allegations contained in Paragraph 107 of the Complaint.

108.   Defendant admits the allegations contained in Paragraph 108 of the Complaint.

## VIII. Facts Pertaining to Plaintiff Williams

109.   Defendant admits the allegations contained in Paragraph 109 of the Complaint.

110.   Defendant admits the allegations contained in Paragraph 110 of the Complaint.

111.   Defendant admits the allegations contained in Paragraph 111 of the Complaint.

112.   Defendant admits the allegations contained in paragraph 112 of the Complaint.

113.   Defendant denies the allegations contained in Paragraph 113 of the Complaint.

114.   Defendant admits the allegations contained in Paragraph 114 of the Complaint

115.   Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116.   Defendant denies the allegations contained in Paragraph 116 of the Complaint.

117.   Defendant admits the allegations contained in Paragraph 117 of the Complaint.

118.   Defendant denies the allegations contained in Paragraph 118 of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

119.   Defendant admits Plaintiffs seek to bring a collective suit under 29 U.S.C. § 216(b). Defendant denies the existence of a collective of similarly situated individuals and denies all remaining allegations contained in Paragraph 119 of the Complaint.

120.   Defendant denies the allegations contained in Paragraph 120 of the Complaint.

121.   Defendant denies the allegations contained in Paragraph 121 of the Complaint

122.   Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123.   Defendant denies the allegations contained in Paragraph 123 of the Complaint.

124.   Defendant denies the allegations contained in Paragraph 124 of the Complaint.

125.   Defendant denies the allegations contained in Paragraph 125 of the Complaint.

126.   Defendant denies the allegations contained in Paragraph 126 of the Complaint.

127.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 127 of the Complaint, and therefore deny those allegations.

128.   Defendant denies the allegations contained in Paragraph 128 of the Complaint.

129.   Defendant denies the allegations contained in paragraph 129 of the Complaint.

## CAUSE OF ACTION

## COUNT 1

**Violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., Made by Plaintiffs on Behalf of All FLSA Plaintiffs**

130.   Defendant re-alleges and incorporates all responses made to the preceding Paragraphs.

131.   Defendant admits that some CSRs worked and were paid for overtime.  Defendant denies the remaining allegations contained in Paragraph 131 of the Complaint.

132.   Defendant denies the allegations contained in Paragraph 132 of the Complaint.

133.   Defendant denies the allegations contained in Paragraph 133 of the Complaint.

134.   Defendant denies the allegations contained in Paragraph 134 of the Complaint.

## PLAINTIFFS' PRAYER FOR RELIEF

Defendant denies Plaintiffs' entitlement to each and every item of relief requested in their Prayer for Relief.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that each and every Plaintiffs' Prayer for Relief be denied, that Plaintiffs' Complaint be dismissed in its entirety with prejudice, that judgment be entered in Defendant's favor, and that Defendant recover its costs and expenses, including reasonable attorneys' fees, and such other and further relief to which Defendant may be entitled at law or in equity or as this Court deems just and appropriate.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

For separate defenses to the Complaint, and without conceding that Defendants bear the burden of proof or persuasion as to any of them, except as

required by applicable law with respect to the defense asserted, Defendant states as follows:

1.     Defendant denies all allegations of fact contained in the Complaint unless they are expressly admitted to be true in this Answer.

2.     The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

3.     No actions taken by Defendant with respect to Plaintiffs constitute a willful, knowing or reckless disregard of Plaintiffs' rights under the law; therefore, Plaintiffs may not recover liquidated damages.

4.     Plaintiffs' claims are barred or limited, in whole or in part, by applicable statutes of limitations.

5.     Plaintiffs are estopped from pursuing the claims set forth in the Complaint by reason of their own acts, omissions, and course of conduct, including, but not limited to, their failure to accurately record and report their time worked as required by Defendant.

6.     To the extent that Plaintiffs claim that any individual employed by Defendant instructed them not to properly report hours worked, that individual was operating outside of their authority and without permission, express or implied, from Defendant.

7.     This case may not be maintained as a collective action because the named Plaintiffs are not similarly situated to the persons to be included within their proposed collective action, thus, they cannot establish the existence of each requirement under 29 U.S.C. § 216.

8.     To the extent that Plaintiffs suffered any damages, the existence of which Defendant denies, they are a consequence of their own actions and/or omissions.

9.     Plaintiffs are not entitled to compensation for time they purportedly worked without Defendant's actual or constructive knowledge.

10.    Plaintiffs' claims for unpaid overtime are barred, in whole or in part, because Defendant had a policy or practice prohibiting failure to pay overtime to non-exempt employees, and because Plaintiffs failed to bring to Defendant's attention Plaintiffs' assertions that they were not being paid properly or to otherwise avoid harm.

11.    The damages claimed by Plaintiffs are barred or limited to the extent they are speculative in nature.

12.    Plaintiffs' claims are barred or limited, in whole or in part, or their claims for damages should be reduced or offset, to the extent they were paid extra

compensation which is creditable to and/or an offset against the relief sought in this action.

13.     Plaintiffs' claims are barred or limited, in whole or in part, because the Seventh and Fourteenth Amendments to the United States Constitution prohibit a jury from determining Defendant's liability and/or damages, if any, to Plaintiffs and/or others on a "similarly situated," group, or aggregate basis.

14.     Defendant reserves the right to amend its Answer to assert additional defenses based upon information obtained during pretrial discovery.

This 2nd day of July, 2018.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/ Erika L. Leonard*
Erika L. Leonard
Georgia Bar No. 565965
Harry M. Rowland, III
Georgia Bar No. 946192
191 Peachtree Street, NE, Suite 4800
Atlanta, GA 30303
Telephone: (404) 881-1300
Facsimile: (404) 870-1732
erika.leonard@ogletree.com
harry.rowland@ogletree.com

*Attorneys for Defendant Univar USA Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

YVONNE JONES, NAOMI MOORE,
PEACE NJOKU, SHAKEYA SCOTT,
SEAN SMITH and INDY WILLIAMS,
Individually and on behalf of all others
similarly situated,

    Plaintiffs,

v.

UNIVAR, INC. and UNIVAR USA, INC.,

    Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO:
1:18-CV-00596-ELR

## CERTIFICATE OF SERVICE

This is to certify that on July 2, 2018, I filed a copy of **DEFENDANT UNIVAR USA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** via the Court's CM/ECF system, which will automatically serve a copy upon the following counsel of record:

Beth A. Moeller
bmoeller@moellerbarbaree.com
Tracey T. Barbaree
tbarbaree@moellerbarbaree.com
Robert J. Valli, Jr.
rvalli@vkvlawyers.com
Sara Wyn Kane
skane@vkvlawyers.com
James A. Vagnini
jvagnini@vkvlawyers.com

-23-

Jay D. Ellwanger
jellwanger@equalrights.law


/s/ Erika L. Leonard
 Erika L. Leonard
*Attorney for Univar USA Inc.*

33698866.1